Matter of J.M. (Jennifer L.) (2025 NY Slip Op 03764)

Matter of J.M. (Jennifer L.)

2025 NY Slip Op 03764

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, O'Neill Levy, JJ. 

Docket No. NA-32719/18, NA-08345/19, NA-08162/20|Appeal No. 4605-4605A|Case No. 2022-05411, 2023-06081|

[*1]In the Matter of J.M. and Others, Children Under Eighteen Years of Age, etc., Jennifer L., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Larry S. Bachner, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Ian M. Sinclair of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.

Order of disposition, Family Court, Bronx County (Gigi N. Parris, J.), entered on or about November 4, 2022, to the extent it brings up for review an order of fact-finding, same court (Tracey A. Bing, J.), entered on or about September 2, 2022, which found that respondent mother abused and neglected the subject children, J.M. and J.D.M., and derivatively abused and neglected M.M. and L.C., unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Family Court properly concluded, based on the record as a whole, that the mother abused J.M and J.D.M by attempting to prostitute them (Family Ct Act §§ 1012[e][iii][B]; 1046[b][i]). A parent abuses a child when they allow, permit, or encourage such child to engage in an act described in Penal Law § 230.30, which proscribes compelling a person to engage in prostitution by force or intimidation, or profiting from prostitution of a person younger than 18 years old (see Family Ct Act § 1012[e][iii][B]; Penal Law § 230.30[1], [2]). Here, the record showed that on two separate occasions, the mother took J.M. and J.D.M. individually to the home of unfamiliar men, accepted money from the men, instructed the children to lie down on a bed, and then left. In both cases, the men attempted to have sex with the child upon the mother's departure.
J.D.M.'s statements were independently admissible, as she first made a disclosure to her treating therapist during a therapy appointment, which constituted an exception to the rule against hearsay (see Matter of A.M. [Adgraile E.], 233 AD3d 481, 481 [1st Dept 2024]). Even if J.D.M.'s statements required corroboration, Family Court providently exercised its discretion in determining that J.D.M.'s out-of-court statements made to the agency caseworker, in which she detailed the sexual abuse, were sufficiently corroborated by her mental health records and by the record, including J.M.'s and the caseworker's testimony (see Matter of Corey J. [Corey J.], 157 AD3d 449, 450 [1st Dept 2018]).
J.M.'s testimony, which the court deemed credible, was also sufficient to establish that the mother attempted to prostitute J.M. (see Matter of J.M. [Felipe A.], 233 AD3d 586, 586 [1st Dept 2024]). J.M. testified in great detail about similar conduct by the mother when J.M. was in high school. The testimony included specific details, such as the name of the man, the location of his home, J.M.'s observation of him giving money to the mother, and the struggle J.M. had with him over their phone before he tried to have sex with her. Additionally, J.M.'s testimony corroborated J.D.M.'s out-of-court statements describing the mother's nearly identical conduct when each child was approximately the same age (see Matter of A.P. [M.P.], 183 AD3d 535, 536 [1st Dept 2020]).
Family court, which explicitly opined that the issue of credibility was a "central theme in this matter," had the benefit of observing [*2]the witnesses' demeanor over a three-year period, and there is no basis for disturbing its credibility determinations, including its assessment of J.M.'s testimony and its finding that the mother's testimony was not credible (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of C.F. [Carlos F.], 220 AD3d 506, 506-507 [1st Dept 2023], lv denied 41 NY3d 901 [2024]).
The mother does not challenge Family Court's finding that she neglected J.D.M. by failing to ensure that the child received ongoing mental health treatment, which led to her psychiatric hospitalization following an aborted suicide attempt in 2017 (see Matter of Ivania L.V. [Liz C.], 139 AD3d 542, 542 [1st Dept 2016]). Moreover, the evidence supports the court's finding that the mother also neglected the children by failing to provide them with adequate food, clothing, and shelter (see Matter of Amondie T. [Karen S.], 107 AD3d 498, 499 [1st Dept 2013]; Matter of Elijah J. [Yvonda M.], 105 AD3d 449, 450 [1st Dept 2013]). Both J.M. and J.D.M. separately reported to the ACS caseworker, and J.M. also testified to the mother leaving them alone for days at a time without adequate food and failing to provide them with adequate clothing and hygiene products.
The finding of derivative abuse and neglect against the mother as to M.M. and L.C. was appropriate. Her behavior evinced such an impaired level of judgment as to create a substantial risk of harm to the younger children (see Matter of Gabriel R. [Jose R.], 188 AD3d 501, 502 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025